IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RALPH CAPUTO | : CIVIL ACTION |
| | : |
| v. | : |
| | : NO. 14-6089 |
| | : |
| CITY OF PHILADELPHIA, et al. | : |

MEMORANDUM

KEARNEY, J.                                                                                           MARCH 6, 2015

Rule 1 of the Federal Rules of Civil Procedure requires that judges and lawyers secure the just, speedy and inexpensive determination of every case. A defendant's failure to answer a complaint until after a motion to set aside a default judgment frustrates this mandate. Accordingly, the defendant must show good cause for delay. Courts will find good cause if warranted as matters should generally be resolved on their merits. Involved in the case since filing, Defendants knew they needed to answer the Complaint by January 9, 2015 and requested medical information before that deadline. Due to alleged neglect of counsel, Defendants elected to file an Answer approximately six weeks later, after entry of default judgment and scheduling of a damages hearing. After balancing the considerations, we find the Defendants' counsel's conduct to be neglectful, but not willful. Accordingly, in applying the standards to set aside the entry of a default judgment, we grant the Defendants' motion to set aside the default in the accompanying Order with warning that Rule 1 will be strictly followed.

I.      STANDARD OF REVIEW

A court may set aside the entry of default judgment pursuant to Federal Rule of Civil Procedure 55(c) on a showing of "good cause." Fed.R.Civ.P. 55(c). "This provision vests the

1

Court with broad discretion in deciding whether to set aside an entry of default." *Momah v. Albert Einstein Med. Ctr.*, 161 F.R.D. 304, 307 (E.D. Pa. 1995) (citation omitted). The Court evaluates four factors: (1) whether lifting the default would prejudice plaintiff; (2) whether defendant asserted a meritorious defense; (3) the culpability of defaulting defendant; and (4) the effectiveness of alternative sanctions. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 73 (3d Cir. 1987) (citations omitted). "Generally courts look upon the default procedure with disfavor because the interests of justice are best served by obtaining a decision on the merits." *Jackson v. Delaware Cnty.*, 211 F.R.D. 282, 283 (E.D. Pa. 2002) (citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)).

## II. ANALYSIS

### A. Prejudice to Plaintiff

A plaintiff is prejudiced when he can establish that their claim would be "materially impaired because of the loss of evidence, an increased potential for fraud and collusion, substantial reliance on the entry of default, or other substantial factors." *Collura v. Ford*, 303 F.R.D. 57, 76 (E.D. Pa. 2014) (quoting *Dizzley v. Friends Rehab. Program, Inc.*, 202 F.R.D. 146, 147-48 (E.D. Pa. 2001)). Having to litigate the case on its merits is not sufficient prejudice. *Choice Hotels Int'l, Inc. v. Pennave Assocs., Inc.*, 192 F.R.D. 171, 174 (E.D. Pa. 2000).

This factor weighs in favor of setting aside the entry of default. Caputo argues that if the default is set aside it will only serve to "deny the Plaintiff his much needed relief." (ECF No. 13, Pl.'s Resp., 4.) Caputo states that four (4) months have passed since he filed this suit and in those four months he has had no income and has suffered additional pain and suffering. (*Id.*)

Caputo's arguments, while understandable, are not sufficient to avoid setting aside an entry of default. *See Choice Hotels*, 192 F.R.D. at 174. Caputo would have four months even if

the damages hearing occurred in the next ten days as scheduled. Caputo would have most likely had to fend off a motion to set aside the default judgment and other motions practice. However, now that Defendants have filed an Answer, Caputo may proceed with discovery in an attempt to strengthen his case. In lieu of the damages hearing, the Court has scheduled its initial pre-trial conference at the same time, and the parties will be closed discovery by mid-May 2015. We find that Caputo's claim will not be "materially impaired" by the setting aside of the default judgment. *Collura*, 303 F.R.D. at 76.

### B.     Assertion of a meritorious defense

To "show a litigable defense, a defendant must allege facts which, if established, would enable Defendant to prevail in the action." *Olivia B. ex rel. Bijon B. v. Sankofa Acad. Charter Sch.*, Civ. A. No. 14-867, 2014 WL 5639508, at *4 (E.D. Pa. Nov. 4, 2014). While a defendant must "present specific facts" related to a defense, the defendant is not required to "prove beyond a shadow of a doubt that they will win at trial." *Jackson*, 211 F.R.D. at 284.

Here, Defendants answered Plaintiff's Complaint and denied it in its entirety. Defendants also assert eight affirmative defenses including limitation of liability under the Political Subdivision Tort Claims Act (the "PSTCA"), the doctrine of qualified immunity, and that Plaintiff may not have filed his complaint within the applicable statute of limitations. (ECF Doc. No. 11, Def.'s Answer, 13-14.) On the contrary, Caputo argues that Defendants have not submitted meritorious defenses but rather "boilerplate allegations usually contained in every standard Answer." (ECF Doc. No. 13, Pl.'s Opp., 5.)

While these affirmative defenses may be included in every Answer that similarly situated defendants file, it is because the facts as presented by the plaintiff lend themselves to the assertion of these defenses. As a result, these defenses are facially sufficient to set aside the

3

entry of default. *See Jackson*, 211 F.R.D. at 284 (finding the PSTCA and the statute of limitations, along with other defenses, sufficient to set aside entry of default).

### C.     Culpability of Defendant's conduct

"[M]ere negligence alone on the part of the defendant is not sufficient to sustain a finding of culpable conduct." *Olivia B.*, 2014 WL 5639508, at * 7. Rather, the defaulting party must have acted "willfully or in bad faith" to show culpable conduct. *Feliciano v. Reliant Tooling Co., Ltd.*, 691 F.2d 653, 657 (3d Cir. 1982). Further, the Court will take into account whether the conduct is attributable to the defendant or solely to defense counsel. *See Jackson*, 211 F.R.D. at 284 (citing *Momah*, 161 F.R.D. at 308 *and Interior Finish Contractors Assoc. v. Drywall Finishers Local Union No. 1955*, 625 F. Supp. 1233, 1239 (E.D. Pa. 1985).

While we do not condone defense counsel's neglect in answering the Complaint, we find no evidence of bad faith. Caputo argues that Defendants initiated discovery by contacting Caputo's counsel with a request for Medicare information. (ECF Doc. No. 13, Pl.'s Opp., 2, Ex. D.) However, Defendants still had another month to timely file their Answer. The fact that Defendant's counsel contacted Caputo's counsel one month prior to the filing deadline is not persuasive evidence that Defendants' failure to answer was anything other than neglect. Further, the default is solely attributable to defense counsel rather than Defendants. Defense counsel admitted that he was delayed in responding to the Complaint and Defendants bore no responsibility for such delay. At this stage, we cannot find that defense counsel's delay was willful or in bad faith but rather appears to be a byproduct of neglect in the Solicitor's office.

### D.     Effectiveness of alternative sanctions

To deter similar behavior in the future, the Court must examine whether alternative sanctions are warranted. Generally, the use of alternative sanctions is limited to serving as a

"wake-up call" to defendants. *Foy v. Dicks*, 146 F.R.D. 113, 117 (E.D. Pa. 1993). Because we found that Defendants have not acted in bad faith, the imposition of alternative sanctions would be inappropriate at this juncture. *See Allstate Ins. Co. v. Ervin*, No. 05-2800, 2006 WL 557715, at *3 (E.D. Pa. Mar. 2, 2006).

## III.     CONCLUSION

Mindful of Fed.R.Civ.P. 1, this Court expects counsel to secure the just, speedy and inexpensive determination of the merits of this case.    All of the factors applied to a motion to set aside a default judgment weigh in favor of setting aside the default.